IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHESTER OZAROWSKY,

      Plaintiff,                                                 09cv1622

                                                                  **ELECTRONICALLY FILED**

     v.

OWENS-ILLINOIS, INC.,

      Defendant.

**MEMORANDUM ORDER**

Before the Court is defendant's Motion to Dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (doc. no. 6). On December 9, 2009, defendant removed this civil action from the Court of Common Pleas of Washington County on the basis that this Court has original jurisdiction under 28 U.S.C. § 1331 because this matter seeks attorneys fees for violation of the Employee Retirement Income Security Act of 1974 (ERISA). Plaintiff further seeks a declaratory judgment that he is entitled to pension benefits.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544 (2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008)(quoting *Twombly*, 550 U.S. at 570). While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008)(citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower*

*Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997).  A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations.  *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  *See Wilkerson v. New Media Tech. Charter Sch., Inc.,* 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element."  *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008)(citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

On January 11, 2010, defendant file its Motion to Dismiss on the basis that because plaintiff's claim seeks to enforce pension provision contained in a collective bargaining agreement (CBA), it is preempted by the Labor Management Relations Act (LMRA), and because plaintiff failed to address his pension-benefit claims through the grievance and arbitration procedures on a timely basis as established by the CBA, said claim should be dismissed.

Plaintiff responds that given he has not been an "employee" of defendant or its predecessors for more than 40 years, and his claim did not arise until nearly 30 years after his employment with the company ended, it would be impossible for him to pursue a grievance.  Plaintiff points out that someone who was still employed and thus eligible for the grievance process would not be eligible for a pension.  Conversely, someone who is entitled to a pension is, by definition, no longer an employee and thus arguably not eligible for the grievance

procedure.

The United States Court of Appeals for the Third Circuit has held that there is an exception to the requirement of exhaustion of the grievance procedure under a CBA where the use of the grievance procedure would be futile.  *Podobnik v. U.S. Postal Service*, 409 F.3d 584, 594 (3d Cir. 2005), citing *Clayton v. International Union, et al.*, 451 U.S. 679, 689-690 (1981); *McLean v. U.S. Postal Service*, 544 F.Supp. 821, 826 (W.D. Pa. 1982).

After reading the plain language article 29 of the CBA, which was attached to the Complaint (doc. no. 1-1), and taking the facts as alleged in the Complaint as true, this Court agrees with plaintiff that exhaustion of the grievance procedures would be futile, and therefore, defendant's Motion to Dismiss on this basis is DENIED.

Similarly, after reviewing article 30 of the CBA, the Court further finds that the arbitration procedure was not designed to address plaintiff's claims because the underlying grievance procedure was similarly not designed for such a claim, and in any event, the language of article 30 explicitly states that arbitration is available if "either party desires."  Therefore, the Court will not dismiss this lawsuit for plaintiff's failure to avail himself of a procedure that neither designed to address his claim for pension benefits, nor was it mandatory.

Accordingly,

**AND NOW, this 12th day of February, 2010,** after due consideration to Defendant's Motion to Dismiss the Complaint (doc. no. 6), and Plaintiff's response thereto (doc. no. 12), **IT IS HEREBY ORDERED** that said Motion to Dismiss (doc. no. 6) is DENIED.

SO ORDERED this 12th day of February, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: all counsel of record